IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA                        PLAINTIFF/RESPONDENT


V.                        No.  5:07-CR-50042-JLH
                         No.  5:09-CV-05010-JLH

DANIEL WARREN DOWDY                        DEFENDANT/PETITIONER


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. Section 2255 (Doc. 17) filed January 9, 2009.  The United States of

America filed a Response (Doc. 20) on February 10, 2009.  The Petitioner has filed a Reply

(Doc. 24)  on February 23, 2009 and the matter is ready for Report and Recommendation.

**I. Background**

Petitioner, represented by retained counsel John Van Winkle, agreed to waive indictment

by the grand jury and consented to the filing of a one-count Information that charged him with

violating 18 U.S.C. § 2252(a)(2), the knowing receipt of child pornography that had been

transmitted in interstate commerce by computer. (Doc. 1). The Information was filed in

open court on June 20, 2007. (Doc. 2).

Petitioner entered into a written plea agreement with the government. (Doc. 4). He

agreed to plead guilty to the one-count Information in exchange for the government

recommending he receive an offense level reduction for the acceptance of responsibility

adjustment as well as the government agreeing to file no additional criminal charges against him

-1-

pertaining to the computer child pornography investigation in the Western District of Arkansas. (Doc. 4). Petitioner was released on a signature bond after entering his guilty plea on June 20, 2007 before Chief Judge Jimm Larry Hendren. (Doc. 5).

On January 7, 2008, Petitioner was sentenced to serve 97 months imprisonment, which was at the bottom of the advisory guideline range of 97 to 121 months. (Presentence Investigation Report, "PSR," ¶ 63). (PSR filed under Seal with the Court). With no objection from the government, the Court imposed a $5,000 fine, which was below the recommended fine range of $15,000 to $150,000. (PSR, ¶ 76). The Court imposed the mandatory $100 special assessment fee and ten years of supervised release. (Doc. 11). While on supervised release, Petitioner was ordered to comply with six special conditions. Special Condition Number 5, to which Petitioner now complains, states, "The defendant shall not access the internet from any location without prior approval by the U.S. Probation Office and for a justified reason. The defendant shall not have internet access at his residence." (Doc. 11, p. 4).

The Petitioner filed the current motion contending that his counsel was ineffective and specifically alleging that his counsel was inexperienced, that he was coerced into the plea, that his attorney represented that "he would receive no more than five year" and that he did not object to the Petitioner's sentence during the hearing. (Doc. 1, page 4).  The only relief that the Petitioner asked the court to grant is the "removal of special condition of probation that bars Petitioner from any use of the internet during his 10 yrs of probation".  (Doc. 17, page 12)

The Petitioner asserts that "[H]ad Mr. Vanwinkle put forth the effort to research case law on this crime and the background of the Petitioner and presented it before this Honorable Court, his representation should have garnered the removal of the stipulation barring the Petitioner from

the internet and a possible reduction in sentence." (Doc. 17, page 20)

## II. Discussion

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by

demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner  must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs

-4-

of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999)

The only prejudice that the Petitioner claims he will suffer is the "special condition of probation that bars Petitioner from any use of the internet during his term of 10 yrs of probation". (Doc. 17, page 12).  In his Reply the Petitioner contends that he utilizes the Internet for managing 401k accounts, trading stock online, research, downloading music, communication through e-mails, and monitoring his back accounts as well as paying 90% of all of his family's bills. (Doc. 24, page 2).

Special Condition No. 5, which is at issue here, states that "[T]he defendant shall not access the internet from any location without prior approval by the U.S. Probation Office and for a justified reason.  The defendant shall not have internet access at his residence."

To the extent that Dowdy is asserting that counsel was ineffective for failing to challenge the above Special Condition of Supervision, Dowdy must show that the objection would have been meritorious and there is a reasonable probability that the sentencing would have been different had counsel objected, in order for him to prevail. See *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The Presentence Investigation Report provided a total offense level of 30.  The Base Line Level was 22.  There was a -2 point reduction because the Petitioner's conduct was limited to the receipt of the material, a -2 point reduction for acceptance of responsibility and a -1 point additional deduction under section 3E1.1(b). There was a +2 point increase because the material involved children who had not attained age 12, a +4 point increase because the material

contained sadistic or masochistic conduct, a +2 point increase because a computer was used and a + 5 point increase because the material involved more than 600 images.  (PSR, page 5)

The PSR also noted that there were 38 videos that depicted minors engaged in sexually explicit conduct and that 20 videos were in excess of 5 minutes in length with the longest being approximately 29 minutes.  (PSR page 5) The court, in the sentencing hearing, noted that the sentencing guidelines provided for an upward departure if the length of the recording is substantially more than five minutes. (Doc. 19, page 55) The court, however,  declined to depart upward and sentenced the Petitioner at the low end of the sentencing guidelines and imposed supervised release with, *inter alia*, the restriction on internet use that is the subject of Petitioner's motion.

The Eighth Circuit has held a special condition is not unduly restrictive where a special condition of supervised release does not completely bar a defendant's access to the internet. *United States v. Boston*, 494 F.3d 660, 668 (8th Cir. 2007) (special condition prohibiting accessing or possessing a computer without written approval of probation officer did not constitute an abuse of discretion because it was not an absolute prohibition); *United States v. Alvarez*, 478 F.3d 864, 868 (8th Cir. 2007) (special condition did not completely prohibit defendant's use of the internet; with sufficient justification and probation officer's consent, defendant was allowed access to the internet outside of his residence).

Similarly, where a district court proscribed a defendant from incurring credit charges without prior approval of the probation officer, the Ninth Circuit upheld the condition of supervised release because "[a]llowing the probation officer to monitor [the defendant's] finances [wa]s important to ensure that [the defendant complied with the restitution requirement of his

sentence]." *United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir.2007). The Ninth Circuit determined such a condition was "reasonably related to supervising his ability to make restitution payments." Id.

Where a district court imposed a condition of supervised release, which barred a defendant from accessing the Internet or other similar computer networks without prior approval from the U.S. Probation Office, the Third Circuit upheld the condition because it related to the defendant's prior conduct and the need to protect the public. *United States v. Crandon*, 173 F.3d 122, 128 (3d Cir.1999).

A condition of supervised release restricting defendant, who was convicted of three counts of assault on a federal officer, from residing within a set distance of schools, youth centers, and other enumerated institutions without his probation officer's prior approval, did not impose a greater deprivation of liberty than was necessary to protect the public who attended such institutions and thus was not overly broad. *U.S. v. Rodriguez ,* 2009 WL 294940 (5th Cir.(Tex. (C.A.5 (Tex.),2009)

In the instant case, the Special Condition of Supervision number 5 does not completely bar Petitioner's use of the internet, it simply restricts him from having internet access at his residence.  Petitioner is allowed to access the internet by providing justification for and securing permission from his probation officer. The Special Condition of Supervision is thus not so overly broad nor unreasonably restrictive to actually prejudice him.  There is no showing that any reasonable request to use the internet during his supervised release will be unreasonably withheld by the Probation Office.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 9th day of March 2009

/s/ **J. Marschewski**
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE