# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**UNITED STATES**                                                              **PLAINTIFF**

v.                             **CASE NO. 5:07-cr-50042**

**DANIEL WARREN DOWDY**                                                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This Court[1] sentenced Daniel Warren Dowdy to serve 97 months imprisonment followed by a ten-year term of supervised release on January 7, 2008, after he pled guilty to one count of knowingly receiving child pornography. His term of supervised release includes six special conditions of supervision. Dowdy—who is currently on supervised release—asks the Court to modify the fifth of those conditions. For the reasons stated herein, Dowdy's Petition for Modification (Doc. 28) is **GRANTED** as to his fifth condition of supervised release, and **DENIED** to the extent that it can be read to request modification of his other conditions of supervised release.[2]

### I.   DISCUSSION

Dowdy's fifth special condition of supervision instructs that he "shall not access the internet from any location without prior approval by the U.S. Probation Office and for a justified reason." (Doc. 11, p. 4). It also categorically prohibits him from having internet access at his residence. *Id.* Dowdy contends that this condition involves a "greater deprivation of liberty than is reasonably necessary for the purposes set forth" in certain

---

[1] The Hon. Jimm L. Hendren, presiding.

[2] Dowdy's Petition twice requests that the Court remove all of his special conditions of supervision, but offers no argument in support. The Court finds absolutely no basis to remove or modify these other conditions of release.

1

subsections of 18 U.S.C. § 3553.[3] Accordingly, he asks the Court to modify the condition pursuant to its authority to do so under 18 U.S.C. § 3583(e)(2).

Dowdy is, unsurprisingly, not the first person to ask a court to modify this burdensome condition. The Court's review of the Eighth Circuit's treatment of such requests reveals a distinction between defendants convicted of receipt or possession of child pornography, and those convicted of something more. In *United States v. Fields*, the Eighth Circuit upheld severe restrictions on the defendant's ability to access computers and the internet because his crimes involved running a child pornography website for profit—a crime "involving greater exploitation" than simple possession. 324 F.3d 1025, 1027 (8th Cir. 2003) (recognizing that other circuit courts had drawn the aforementioned distinction). The Circuit continued along the same line of reasoning a few months later in *United States v. Ristine*, when it again upheld internet and computer restrictions because the defendant had "exchanged [child pornography] with other Internet users" and "attempted to arrange sexual relations with underage girls." 335 F.3d 692, 695-96 (8th Cir. 2003).

On the other side of the coin, the Eighth Circuit has narrowed "broad ban[s]" on computer and internet use where "the record is devoid of evidence that [a defendant] has ever used his computer for anything beyond simply possessing child pornography." *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005); *see also United States v. Wiedower*, 634 F.3d 490, 495 (8th Cir. 2011) ("[T]he record shows that Wiedower used his computer to receive and access child pornography, which under *Crume* is insufficient to sustain a broad computer and internet ban."). In such cases, the Circuit

---

[3] Dowdy's Petition also contains a constitutional argument which the Court need not reach.

2

has expressed confidence that district courts can impose "more narrowly-tailored restriction[s]" through a "prohibition on accessing certain categories of websites" enforced by "some combination of random searches and software that filters objectionable material." *Crume*, 422 F.3d at 733.

While this distinction between "simple possession" and "something more" is not absolute,[4] the Court finds that Dowdy's offense conduct places him comfortably on the simple possession side of the line. A review of Dowdy's computer files around the time of his arrest revealed 38 videos and 24 images of child pornography. (Doc. 29, p. 5). His offense did not involve any production or distribution of child pornography, nor did it involve any actual or attempted sexual contact with minors. Though possession of child pornography is a serious offense that victimizes children, Dowdy's conduct was not as extreme as the defendants' in *Fields*, *Ristine*, and *Morais*. His case is much more analogous to *Crume* and *Wiedower*. For this reason, and after considering "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" the Court is persuaded that Dowdy's fifth condition of supervision should be modified. 18 U.S.C. § 3583(e).

"Modified," to be clear, does not mean "eliminated." Dowdy was convicted of a serious crime, which he committed by using an oft-beneficial tool—the internet—instead for nefarious purposes. As a consequence, he has sacrificed his privileges of unlimited

---

[4] In *United States v. Morais*, the Eighth Circuit "decline[d] to construe *Wiedower* and *Crume* as establishing a *per se* rule that a district court may never impose a prior-approval Internet use restriction based on a defendant's receipt and possession of child pornography." 670 F.3d 889, 896 (8th Cir. 2012). Instead, it upheld such a restriction due to the over 8,000 images of child pornography collected by the defendant, and due to evidence that the defendant had "a compulsive nature" that made him "likely to repeat the same conduct." *Id.* at 897.

access to, and unmonitored use of, that tool. But, the Court will ease Dowdy's internet restrictions if he agrees to the following conditions:

   (i)   Dowdy shall be allowed to have access to the internet at his home.

   (ii)  Dowdy shall be limited to owning <u>one</u> internet-capable device, and that device shall not be an internet-capable phone.

   (iii) Dowdy shall agree to install and bear the cost of device-monitoring software on his device.

   (iv)  Any devices owned by other members of his household shall be password protected. Dowdy shall not have knowledge of the passwords, and shall not use those devices.

   (v)   Dowdy's device shall not contain any software or hardware that would allow him to circumvent monitoring or "wipe" his hard drive.

   (vi)  Dowdy's sixth condition of supervised release, which requires him to submit any computers or electronic devices to which he has access to unannounced examination by the Probation Office at any time, shall remain in full effect.

The Probation Office shall submit a proposed modified condition of supervision including these terms, and any others it deems appropriate, no later than **14 DAYS** from the filing of this Order. To the extent that any of the above-listed terms are not feasible to implement, the Probation Office shall notify the Court as to the reasons why when it submits its proposed modified condition.

## II.   CONCLUSION

For the reasons stated herein, Dowdy's Petition for Modification (Doc. 28) is **GRANTED** as to his fifth special condition of supervision. Dowdy's fifth special condition of supervision, however, <u>remains in effect</u> until (i) the Court receives and approves a proposed modified condition from the Probation Office; (ii) Dowdy agrees and consents to the modified condition; and (iii) the Court modifies Dowdy's condition of supervised

release shortly thereafter by formal order. To the extent that Dowdy's Petition can be interpreted as asking the Court to modify his other special conditions of supervision, it is **DENIED**.

**IT IS SO ORDERED** on this 12th day of May, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE