IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES**                                                                                         **PLAINTIFF**

**v.**                                    **CASE NO. 5:07-CR-50042**

**DANIEL WARREN DOWDY**                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

After pleading guilty to one count of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), Daniel Warren Dowdy was sentenced to 97 months' imprisonment and ten years of supervised release. Dowdy's term of supervised release included six special conditions. He has now filed a Petition for Modification of Conditions of Supervised Release (Doc. 35) pursuant to 18 U.S.C. § 3583(e)(2). He also asks the Court to seal his Petition and his entire record. The Government filed a Response (Doc. 36) and Dowdy replied (Doc. 37). The matter is now ripe for disposition, and for the reasons stated below, the Court **GRANTS** Dowdy's requested modifications to his special conditions of supervised release but **DENIES** his request to seal the Petition and his record. To the extent Dowdy requests complete termination of his terms of supervised release, that request is **DENIED**.

**I. BACKGROUND**

On June 20, 2007, Dowdy pleaded guilty to one count of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). This Court[1] sentenced

---

[1] The Hon. Jimm L. Hendren, presiding.

Dowdy and imposed a ten-year term of supervised release to follow Dowdy's imprisonment. As is relevant here, Dowdy's third and fifth special conditions of release read as follows:

- "The defendant shall have no unsupervised contact with minors, except his own minor children . . . ."

- "The defendant shall not access the internet from any location without prior approval by the U.S. Probation Office and for a justified reason. The defendant shall not have internet access at his residence.

(Doc. 11, p. 4). In 2016, Dowdy moved for a modification of the fifth special condition of release, arguing that the blanket restriction on his internet usage inhibited his ability to reenter society. (Doc. 28). The Court granted in part and denied in part Dowdy's motion for modification and ultimately altered the fifth special condition of release to include the following sub-conditions:

- "The defendant shall be allowed to have internet access at his home."

- "The defendant shall be limited to owning one internet-capable device, and that device shall not be an internet-capable phone."

- "The defendant shall identify to the probation officer any previously owned internet-capable devices that he still possesses."

- "Any devices owned by other members of the defendant's household shall be identified to the probation officer and shall be password protected. The defendant shall not have knowledge of the passwords, and shall not use those devices."

- "The defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations, without individual showing of reasonable suspicion, on any internet-capable device he is authorized to use. The examination may include assistance of other law enforcement agencies. This may include retrieval and copying of all data from the internet-capable device and any internal or external peripherals to ensure compliance with conditions and/or removal of such equipment for the purposes of conducting a more

- thorough inspection, and allow at the discretion of the probation officer, installation on the defendant's internet-capable device, at the defendant's expense, any hardware or software systems to monitor the defendant's internet-capable device use. The defendant shall use an internet-capable device compatible with available monitoring systems. The defendant shall have no expectation of privacy regarding the use of an internet-capable device or information stored on the internet-capable device. The defendant shall warn any other significant third parties that the internet-capable device may be subject to monitoring. Any attempt to circumvent monitoring and examination may be grounds for revocation."

- "The defendant's internet-capable device shall not contain any software or hardware that would allow him to circumvent monitoring or 'wipe' the device's hard drive."

(Doc. 32, pp. 1–2).

Now, pursuant to 18 U.S.C. § 3583(e)(2), Dowdy asks that his fifth special condition be further modified so that he may possess a laptop provided by his employer and that the laptop be exempted from the digital monitoring requirement.  He also asks that he be allowed to own a smartphone.  Additionally, Dowdy asks that his third special condition of release be modified so that he may have contact with his grandchildren.  Finally, Dowdy asks the Court to seal his present Petition and his "record."  Each of these requests is taken up in turn below.

## II.  LEGAL STANDARD

District courts have the discretion to impose conditions of supervised release that "(1) [are] reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) involve[ ] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) [are] consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Kelly*, 625 F.3d 516, 519 (8th Cir. 2010) (internal quotation marks omitted); *see also* 18 U.S.C. § 3583(d).  A district court is also

empowered to modify, reduce, or enlarge those conditions of supervised release "at any time prior to the expiration of the period of supervised release." *United States v. Yankton*, 168 F.3d 1096, 1098 n.6 (8th Cir. 1999); *see also* 18 U.S.C. § 3583(e)(2). "[W]hen considering whether to 'modify, reduce, or enlarge the conditions of supervision,' a court is limited to considering the sentencing factors enumerated in § 3553(a), any applicable Federal Rules of Criminal Procedure, and applicable provisions for setting the initial conditions of supervised release." *United States v. Shipley*, 825 F. Supp. 2d 984, 988 (S.D. Iowa 2011) (internal quotation marks omitted).

## III. DISCUSSION

### A. Modifications to Dowdy's Fifth Special Condition of Release

Dowdy seeks access to a laptop and a smartphone because he believes he will need access to those devices in order to accept a promotion from his employer. Dowdy asserts that he is in line for a promotion to become a "Field Leader" over seven restaurants in Northwest Arkansas, and he presents a letter from the current Field Leader, Chris Garrett, who states that the position requires "extensive use of a laptop computer," as well as a smartphone, due to the amount of travel inherent in the position. (Doc. 35, p. 16). Dowdy is concerned that his employer will not accept digital monitoring of an employer-provided laptop due to the presence of "proprietary trade secrets and company information" on the laptop. *Id.* at p. 6. To assuage the Court's probable concerns, Dowdy asserts that digital monitoring by his supervising probation officer of his employer-provided laptop will be unnecessary because "[a]ll internet usage [on the laptop] goes through the company's intranet and is filtered by them on a VPN . . . ." *Id.* He points out

4

that his employer's IT department will monitor his use of the laptop, so any illicit activity would result in his termination. *Id.*

The Government objects to Dowdy's requested modifications, pointing out that the letter from Mr. Garrett lacks "indicia of reliability" and that Dowdy is not guaranteed to receive a promotion. (Doc. 36). In reply, Dowdy presents an updated letter from Mr. Garrett in which he states that his current goal is to leave his position by August 1, 2020, with the implication that Dowdy is to take his place. This letter is signed by Mr. Garrett and is on company letterhead. (Doc. 37, p. 4).

The Court finds that Dowdy's offense conduct and behavior while on supervision support a relaxation of the restrictions related to his usage of internet-capable devices. While the Eighth Circuit has upheld severe restrictions on internet-capable devices where an offender's crime was greater than mere possession of child pornography, *see United States v. Fields*, 324 F.3d 1025, 1027 (8th Cir. 2003), it has also narrowed restrictions where "the record is devoid of evidence that [a defendant] has ever used his computer for anything beyond simply possessing child pornography." *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005); *see United States v. Wiedower*, 634 F.3d 490, 495 (8th Cir. 2011) ("[T]he record shows that Wiedower used his computer to receive and access child pornography, which under *Crume* is insufficient to sustain a broad computer and internet ban."). Dowdy's offense conduct included the possession of approximately 38 videos and 24 images of child pornography. (Doc. 29, p. 5). His offense did not involve any production or distribution of child pornography, nor did it involve any actual or attempted sexual contact with minors. Though possession of child pornography is a serious offense that victimizes children, Dowdy's conduct was not a hands-on offense, and his behavior

5

while on supervision is consistent with a desire to avoid recidivism and become a contributing member of society. Indeed, the Court applauds Dowdy's efforts to achieve greater responsibility and success in his career.

For these reasons, and after considering "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" the Court is persuaded that Dowdy's fifth special condition of supervision should be modified to allow him access to an employer-owned smartphone and an employer-owned laptop. 18 U.S.C. § 3583(e). To be clear, however, the Court is only modifying the fifth special condition of release to the extent necessary to allow Dowdy to accept a promotion as a Field Leader with his employer. Thus, the Court will ease Dowdy's internet restrictions if he agrees to the following conditions:

- (i) If Dowdy is offered a promotion to Field Leader that requires the use of an employer-provided internet-capable phone, he shall be allowed to use and/or possess such an employer-provided phone.

- (ii) If Dowdy owns and possesses any internet-capable phone, it shall be subject to all existing monitoring conditions already imposed by the Court.

- (iii) If Dowdy is offered a promotion to Field Leader that requires the use of an employer-provided laptop, he shall be allowed to use and/or possess such an employer-related laptop, and it shall be exempt from digital monitoring by the U.S. Probation Office.

- (iv) Dowdy shall be required to submit to periodic polygraph testing at the discretion of the U.S. Probation Office as a means to ensure that he is in compliance with the requirements of his terms of supervised release.

- (v) Dowdy's sixth condition of supervised release, which requires him to submit any computers or electronic devices to which he has access to unannounced examination by the U.S. Probation Office at any time, shall remain in full effect.

The U.S. Probation Office shall submit a proposed modified condition of supervision including these terms, and any others it deems appropriate, no later than **14 DAYS** from the filing of this Order. To the extent that any of the above-listed terms are not feasible to implement, the U.S. Probation Office shall notify the Court as to the reasons why when it submits its proposed modified condition.

### B. Modifications to Dowdy's Third Special Condition of Release

Dowdy's third special condition of release prevents him from having unsupervised contact with any minors who are not his children; Dowdy requests that this condition be modified so that he may have unrestricted contact with his grandchildren. The Government takes no position on this request. Dowdy's supervising U.S. Probation Officer has no objection to this request.

The Court finds that it is appropriate to modify the third special condition of release to allow Dowdy unsupervised contact with his grandchildren. The Eighth Circuit has ruled that requiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate. *United States v. Mickelson*, 433 F.3d 1050, 1057 (8th Cir. 2006). But such restrictions may not be "categorically impose[d] in every child pornography case," as the Court is supposed to look at "the relevant statutory and constitutional considerations" to determine whether a "condition is more restrictive than what is needed to satisfy the governmental interest in a specific case . . . ." *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006). In *Davis*, the Eighth Circuit found it was plain error for a district court to impose a special condition barring a defendant from contacting his own daughter where the defendant was convicted of receipt of child pornography but there was no indication he had abused children. *Id.*

Here, there is no evidence that Dowdy abused his children or any other minors; his offense conduct only involved receipt and possession of child pornography. While the receipt of child pornography is undoubtedly a serious offense, there is no governmental interest in separating Dowdy from his grandchildren, especially since this Court originally believed it was appropriate to allow Dowdy unsupervised contact with his own minor children.

Thus, the Court will alter Dowdy's third special condition of release if he agrees to the following modification:

> (i) The defendant shall have no supervised contact with minors, except his own minor children and grandchildren, though he must provide notice of this special condition to, and receive written consent from, each parent/guardian of his grandchildren before such contact. The written consent form will be provided by the U.S. Probation Office.

The U.S. Probation Office shall submit a proposed modified condition of supervision including this term, and any others it deems appropriate, no later than **14 DAYS** from the filing of this Order.

### C. Request to Seal Petition and Entire Record

Dowdy asks the Court to seal his present Petition as well as his "record" in order "to limit the amount of exposure he has to non-employers or non-law enforcement." (Doc. 35, p. 11). For its part, the Government objects to "retroactively placing Dowdy's Motion under seal." (Doc. 36, p. 3). As set forth below, the Court **DENIES** Dowdy's request to seal his Petition and record.

Generally speaking, courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978). The primary rationales for this right are the

public's confidence in, and the accountability of, the judiciary. *IDT Corp. v. eBay*, 709 F.3d 1220, 1224–25 (8th Cir. 2013). Whether the common-law presumption can be overcome is determined by balancing "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. In order to adjudicate the issue, a court must first decide if the documents in question are "judicial records," and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records. *Id.* at 1222–23. The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so. *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006).

The Court interprets Dowdy's request to seal his "record" as a request to seal this entire case. The documents included in this case file—including the charging documents, plea agreement, and documents related to sentencing—are clearly "judicial records" and the presumption of public access applies to them. *See United States v. Thompson*, 713 F.3d 388, 393 (8th Cir. 2013) (holding that Sixth Amendment right to public access applies both at trial and at sentencing). The only remaining question is whether Dowdy has articulated a compelling reason to seal those judicial records, and the Court concludes he has not. Other than the cost to his reputation, Dowdy has articulated no reason, let alone a compelling one, to seal this entire criminal action. Indeed, Dowdy's request approximates a request to expunge his criminal conviction, and the Eighth Circuit has held that district courts do not have the power to expunge records solely upon equitable grounds. *United States v. Meyer*, 439 F.3d 855, 862 (8th Cir. 2006) (holding that a district

9

court could not expunge defendant's federal conviction where defendant did not allege that the conviction was invalid or illegal). Dowdy has stated no legal challenge to his conviction nor has he identified any statutory basis for sealing his entire criminal conviction; thus, Dowdy's request is, at its heart, an equitable request for expungement. Accordingly, the Court declines to seal Dowdy's entire case file.

Finally, as for Dowdy's more limited request to seal the present Petition, the Petition has been public for several months, and it does not reveal any additional facts that cannot already be gleaned from the existing public record. The Court therefore finds that Dowdy has failed to articulate a compelling reason for the Petition to be sealed. The request to seal the Petition is **DENIED**.

## IV.   CONCLUSION

For the reasons stated herein, Dowdy's Petition for Modification (Doc. 35) is **GRANTED IN PART AND DENIED IN PART** as to his third and fifth special conditions of supervision. These special conditions of supervision, however, remain in effect until (i) the Court receives and approves proposed modified conditions from the U.S. Probation Office; (ii) Dowdy agrees and consents to the modified conditions; and (iii) the Court modifies Dowdy's conditions of supervised release shortly thereafter by formal order. Further, Dowdy's request to seal his Petition and record is **DENIED**.

**IT IS SO ORDERED** on this 18th day of September, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE